**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Velena Tsosie, | No. CV-23-00105-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| N.T.U.A. Wireless LLC, et al., | |
| Defendants. | |

Plaintiff Velena Tsosie brings this action against her employer, Defendant NTUA Wireless, LLC, and against her former supervisor, Defendant Walter Haase, and his wife. Doc. 20. Defendants move to dismiss the complaint under Rule 12(b)(6). Doc. 26. The motion is fully briefed and no party requests oral argument. For reasons set forth below, the Court will grant the motion.

**I.  Background.**

Defendant NTUA Wireless provides internet, telephone, and data communication services in and around the Navajo Nation. Doc. 20 ¶ 8. NTUA Wireless is a Delaware limited liability company jointly owned by Commnet Newco, LLC and the Navajo Tribal Utility Authority ("NTUA"). *Id.* ¶ 7. Commnet Newco is a Delaware limited liability company and the managing member of NTUA Wireless. *Id.* NTUA is a tribal enterprise of the Navajo Nation. *Id.*; *see also* Doc. 11-1 at 6, 10.

Defendant Walter Haase is the general manager of NTUA and served on the board of NTUA Wireless until April 2022. Doc. 20 ¶ 9. Plaintiff is the general manager of NTUA Wireless and reports directly to the NTUA Wireless board. *Id.* ¶ 4.

Plaintiff's claims arise from a working dinner that occurred in March 2022, while Plaintiff reported to Haase. *Id.* ¶¶ 14, 19. Plaintiff alleges that Haase made unwelcome suggestive comments and initiated unwelcome physical contact with Plaintiff. *Id.* ¶¶ 15-18, 20-22. Plaintiff further alleges that she contacted Rowena Benally, Human Resources Director for NTUA, to report the incident, and that NTUA Wireless conducted an inadequate investigation, issued a retaliatory press release, and failed to discipline Haase. *Id.* ¶¶ 23-26; Doc. 26-1.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 5, 2022, alleging discrimination on the basis of sex. Doc. 26-1. The charge did not name Defendant NTUA Wireless as a responsible party or as Plaintiff's employer. In fact, the charge said nothing about NTUA Wireless. *Id.* Plaintiff instead listed "Commnet Wireless, LLC d/b/a Choice NTUA Wireless" as the party that committed the alleged discrimination. *Id.*; Doc. 20 ¶¶ 5-6, 39. The EEOC issued a right-to-sue letter on November 22, 2022, and served it on counsel for "Commnet" and counsel for Plaintiff. Docs. 26-2, 20 ¶ 5.

Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964 and several state law claims, including violation of the Arizona Civil Rights Act, assault, battery, and intentional infliction of emotional distress. Doc. 20 ¶¶ 28-58. Defendants move to dismiss the complaint for failure to exhaust administrative remedies. Doc. 26.

Plaintiff asserts the Title VII violations against both NTUA Wireless and Haase. Doc. 20 ¶¶ 32-35. Because individuals cannot be held personally liable under Title VII, the Court will dismiss the Title VII claim against Defendant Haase and his wife. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) ("[T]he statutory scheme itself indicates that Congress did not intend to impose individual liability on employees."); 1

2

Larson on Employment Discrimination § 5.03 at n.25 (2023).  The remainder of this order will address Defendants' argument as it applies to NTUA Wireless.

**II.     Legal Standard.**

Under Rule 12(b)(6), the well-pled factual allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  A court's review on a motion to dismiss is usually limited to the complaint itself, but the court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  Documents not attached to the complaint may be considered if their authenticity is not contested and the complaint necessarily relies on them.  *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation omitted); *Marder v. Lopez*, 450 F.3d 445 448 (9th Cir. 2006).  The Court will consider Plaintiff's EEOC charge and the ensuing right-to-sue letter.  The complaint refers to these documents (Doc. 20 ¶¶ 5-6) and Plaintiff does not contest their authenticity.

**III.    Is a 12(b)(6) Motion Proper?**

Plaintiff argues that failure to exhaust administrative remedies is an affirmative defense that cannot be raised in a motion to dismiss.  Doc. 28 at 1-3.  While it is true that failure to exhaust is an affirmative defense on which the defendant bears the burden of proof, *see Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, n.7 (9th Cir. 2009), the defense can be raised in a motion to dismiss.  The Supreme Court has held that when the basis for an affirmative defense appears on the face of a complaint, the complaint may be subject to dismissal under Rule 12(b)(6).  *Jones v. Bock*, 548 U.S. 199, 215 (2007); *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2023).  Courts in this Circuit routinely address motions to dismiss based on failure to exhaust.  *See, e.g.*, *Krupa v. 5 & Diner N 16th St. LLC*, No. CV-20-00721-PHX-JJT, 2020 WL 7705986 (D. Ariz. Dec. 28, 2020); *Marks v. Able Body Lab.*, No. CV-09-626-PHX-SRB, 2009 WL 10673629 (D. Ariz. Aug. 12, 2009); *Miller v.*

3

*Sacramento City Unified Sch. Dist.*, No. 2:21-cv-0757-JAM-CKD PS, 2021 WL 5165918 (E.D. Cal. Nov. 5, 2021).[1]

### IV.   Exhaustion of Remedies.

Title VII requires a complainant to file a charge with the EEOC before commencing an action in federal court. 42 U.S.C. § 2000e-5(b), (e)(1); *see Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019). This administrative exhaustion rule ensures that a charged party has the opportunity to respond to the charges before the EEOC. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015). The claimant may bring suit in district court after receiving a right-to-sue letter from the EEOC. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (citing 42 U.S.C. § 2000e-5(f)(1)).

Defendant contends that Plaintiff failed to exhaust her administrative remedies because she failed to name NTUA Wireless – her actual employer – in her EEOC charge. Doc. 26 at 2-4. As noted above, the charge alleges discrimination by "Commnet Wireless, LLC d/b/a Choice NTUA Wireless." Docs. 26 at 5, 26-1 at 1.

Plaintiff maintains that she named NTUA Wireless as a d/b/a of Commnet Wireless, LLC, and that this allegation was sufficient to satisfy the exhaustion requirement. Doc. 28 at 3. But Plaintiff did not name NTUA Wireless as a d/b/a of Commnet Wireless, LLC. She named "Commnet Wireless, LLC d/b/a *Choice NTUA Wireless*." Doc. 26-1 at 1 (emphasis added). "Choice NTUA Wireless" is not the same as "NTUA Wireless." And as Defendant notes, "[t]he EEOC would have no reason to investigate any entity with even a similar d/b/a name when the actual name of the entity being charged, Commnet Wireless, LLC, is specifically stated in the charge." Doc. 26 at 5.[2] In fact, when the EEOC issued

---

[1] In response to Plaintiff's assertion that Defendant bears the burden of proof on its affirmative defense, Defendant cites *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997), which held that "[i]f the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." Here, Plaintiff asserts that she did exhaust her administrative remedies; she does not assert equitable avoidance based on waiver or similar arguments. Docs. 20 ¶ 6, 28 at 3-7.

[2] As Defendant also correctly notes: "Listing 'Commnet Wireless, LLC d/b/a Choice NTUA Wireless' in a charge tells the EEOC to investigate Commnet Wireless, LLC, and no other entity. Plaintiff offers no reason why anyone should expect the EEOC to go searching for other entities that might match part of a d/b/a name noted by a charging party. If anything, the 'd/b/a' here indicates that the name following the designation is a fictitious

its right-to-sue letter, it sent a copy to the attorney for "Commnet." Doc. 26-2 at 1.[3] Plaintiff does not suggest that NTUA Wireless knew of the charge or that the EEOC involved NTUA Wireless in its investigation. Doc. 26 at 4. *See Ross v. Woolf*, No. CV-18-0307-TUC-BGM, 2019 WL 4169000 (D. Ariz. Sept. 3, 2019) (dismissing complaint for failure to exhaust after plaintiff offered no facts to suggest why an unnamed employer should have been on notice of a claim).

"[T]he general rule [is] that Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990) (citing 2 A. Larson, Employment Discrimination, § 49.11(c)(2) (1990)). While the Court is sympathetic to plaintiffs who face complex corporate structures, Plaintiff was the general manager of NTUA Wireless and certainly knew its correct name. In fact, she acknowledges in her response that she could have ascertained the correct identity of her employer when she filed with the EEOC. Doc. 28 at 7.

Plaintiff asks that her charge be construed liberally because Title VII does not require procedural exactness from lay complainants. *See Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975) (EEOC charges generally should be construed "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading"); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100, 1103 (9th Cir. 2002) ("[w]e must keep in mind that complainants filing discrimination charges are acting as laypersons and should not be held to the higher standard of legal pleading by which we would review a civil complaint."). But Plaintiff did not file her EEOC charge without counsel. The first page of her charge identifies her current attorney, David R. Jordan, as her counsel in the EEOC matter. Her lawyer's name

name, which should be disregarded." Doc. 30 at 7 (footnote omitted).

---

[3] The EEOC's letter mentions only "Commnet," but uses the address Plaintiff provided in the charge for Commnet Wireless, LLC — 1562 Park Street, Castle Rock, Colorado 80109. *Compare* Docs. 26-1 at 1 and 26-2 at 1. Plaintiff suggests in her response that Commnet Wireless, LLC is a member of Defendant NTUA Wireless, LLC (Doc. 28 at 6), but her complaint alleges that the member is Commnet Newco, LLC, not Commnet Wireless. LLC. Doc. 20 ¶ 7.

appears immediately below Plaintiff's name and includes Mr. Jordan's firm name, address, phone number, and email address. Doc. 26-1 at 1. Like Commnet's counsel, Mr. Jordan was copied on the EEOC's right-to-sue letter. Doc. 26-2 at 1. Plaintiff mentions none of these facts in her response to the motion to dismiss. Because Plaintiff's EEOC charge indicated that she was represented by counsel, the charge may not be read with the utmost liberality. *See Brown v. Dep't of Pub. Safety*, 446 F. App'x 70, 73 (9th Cir. 2011) (rejecting a liberal reading of an EEOC charge because it was drafted by counsel).

Giving the EEOC charge its plain meaning, it says nothing about Defendant NTUA Wireless. And because "Title VII claimants may sue only those named in the EEOC charge," *Sosa v. Hiraoka*, 920 F.2d at 1458, the Court finds that Plaintiff's Title VII claim must be dismissed.

This would be the result even if the Court applied the liberal standard applicable to pro se litigants. In *Sosa*, the Ninth Circuit identified circumstances where the liberal standard might permit a plaintiff to sue a party not named in the EEOC charge: (1) the unnamed party was involved in the acts which gave rise to the claim, (2) the party should have anticipated that it would be named in the complaint, (3) the person or entity named in the charge is substantially identical to the unnamed party, (4) the EEOC could have inferred that the unnamed party violated Title VII, or (5) the unnamed party had notice of and participated in the EEOC conciliation efforts. *Id.* at 1459. Plaintiff argues that NTUA Wireless was involved in the acts which gave rise to the claim, that NTUA Wireless should have anticipated being named in the complaint, and that the facts alleged in the EEOC charge permit an inference that NTUA Wireless violated Title VII. Doc. 28 at 4-5. The Court does not agree. The EEOC charge in this case is not based on the actions of NTUA Wireless. It is based entirely on the actions of Defendant Haase and Human Resources Representative Benally, both of whom are employed by NTUA, not NTUA Wireless. *See* Doc. 26-1. A reading of the charge might warn NTUA of a potential suit, but would not warn NTUA Wireless.[4]

---

[4] Plaintiff relies on *Wangler v. Hawaiian Electric Co.*, 742 F. Supp. 1458 (D. Haw. 1990), which concluded that a plaintiff had exhausted her administrative remedies against two

Plaintiff's reliance on *Bernstein v. Aetna Life & Casualty*, 843 F.2d 359 (9th Cir. 1988), is also misplaced. Doc. 28 at 4. The Ninth Circuit allowed a suit against an employee not named in the EEOC charge because the charge stemmed from a failure to meet probationary requirements set by the employee in question. 843 F.3d at 362. The employer had been named in the EEOC charge and the employee was necessarily involved in the alleged discriminatory activity. *Id.* The EEOC charge in this case, by contrast, alleges discrimination by Haase and Benally, neither of whom works for NTUA Wireless. *See also Gergawy v. United States Bakery, Inc.*, No. 2:19-CV-00417-SAB, 2021 WL 883463 (E.D. Wash. Mar. 9, 2021) (passing reference to employee in EEOC complaint not sufficient to put her employer on notice of a claim); *Simpson v. Pizza Venture of Tucson, LLC*, No. CV-18-0098-TUC-JAS (LCK), 2019 WL 3781546 (D. Ariz. Apr. 19, 2019) (naming regional pizza affiliate in EEOC charge and informing national corporation of plaintiff's firing not sufficient to constitute notice to the corporation of potential Title VII claim).

Lastly, the Plaintiff relies on factors developed by the Third and Seventh Circuits to assert that her EEOC charge exhausted remedies with respect to NTUA Wireless. Doc. 28 at 5-7 (citing *Glus v. G.C. Murphy Co.*, 657 F.2d 890 (7th Cir. 1981); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 562 F.2d 880 (3d Cir. 1977)).[5] The factors include: (1) the similarity of interests between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party when the EEOC charge was filed; (3) whether the unnamed party received adequate notice of the charge; (4) whether the unnamed party had an adequate opportunity to participate in the EEOC reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings. *See Eggleston*, 657 F.2d at 905-07; *Glus*,

---

supervisors not named in her EEOC charge because their employer was named and the supervisors' conduct comprised the core of the Title VII complaint. *Id*. at 1462-63. *Wangler* is inapposite because the supervisor and HR employee alleged to have engaged in the wrongful actions in this case were employed by NTUA, not Defendant.

[5] These factors are not typically used by courts in the Ninth Circuit. *See* 4 Larson on Employment Discrimination § 76.06 (2023).

7

562 F.2d at 888. These factors do not help Plaintiff. NTUA Wireless and Commnet Wireless, LLC are separate entities, and Plaintiff does not argue that they share a similarity of interests with respect to this case. Doc. 26 at 4. Plaintiff concedes she was the general manager of NTUA Wireless, which she equated to "the Chief Executive Officer of the company," and should have been able to name her employer accurately on the charge form. Docs. 20 ¶ 4, 28 at 7. Additionally, nothing in Plaintiff's complaint or her response to the motion to dismiss suggests that NTUA Wireless knew of the EEOC charge or participated in the EEOC investigation – facts she presumably would know as general manager. Doc. 30 at 8-9. Indeed, only six weeks elapsed between the filing of the charge and issuance of the right-to-sue letter, suggesting an expedited investigation. *See* Docs. 26-1, 26-2. Finally, because the charge was resolved without its input, Defendant appears to have been prejudiced by not participating in the EEOC process. *See Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719 (7th Cir. 1968) ("Th[e] provision serves two important purposes. First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law."). Thus, even if the Court looks to factors from other circuits and construes Plaintiff's charge liberally, her Title VII claim still fails on exhaustion grounds. The Court will grant the motion to dismiss the claim.

**V.     Dismissal of Remaining State Law Claims.**

Upon dismissal of Plaintiff's federal claim, the Court has discretion to dismiss the remaining state law claims under 28 U.S.C. § 1367(c)(3). "To decline jurisdiction under section 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trs. Of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape and Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

Plaintiff's state law claims are most properly addressed by the courts of Arizona – courts charged with administering the laws of Arizona and more familiar with state law

claims. When all federal claims are eliminated early in a case and only state law claims remain, a district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-51 (1988); *see Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001). Because this litigation is at an early stage, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 26) is **granted**.
2. Plaintiff's remaining state law claims are **dismissed without prejudice**.
3. The Clerk's Office is directed to term this case.

Dated this 15th day of September, 2023.

David G. Campbell
Senior United States District Judge

9