**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Velena Tsosie,<br><br>            Plaintiff,<br><br>v.<br><br>N.T.U.A. Wireless LLC, et al.,<br><br>            Defendants. | No. CV-23-00105-PHX-DGC<br><br>**ORDER** |

Plaintiff Velena Tsosie brought this lawsuit against Defendants NTUA Wireless, LLC, Walter Haase, and his wife. Doc. 20. Defendants move for summary judgment. Doc. 53. The motion is fully briefed and no party requests oral argument. For the reasons stated below, the Court will grant Defendants' motion.

**I.    Background.**

Navajo Tribal Utility Authority Wireless, LLC ("NTUAW") is a joint venture between minority interest holder Commnet Newco, LLC ("Commnet") and the Navajo Tribal Utility Authority ("NTUA") that provides wireless communication services across the Navajo Nation. Docs. 20 ¶ 7-8, 56 ¶ 38. Plaintiff entered an employment contract with NTUA to serve as the General Manager of NTUAW. Doc. 56 ¶ 7. During her employment, Plaintiff answered to the Board of NTUAW, of which NTUA General Manager Walter Haase ("Haase") was a member. Doc. 20 ¶¶ 4, 9.

On March 8, 2022, Plaintiff attended a working dinner with Haase and others. *Id.* ¶ 14. Plaintiff alleges Haase sexually harassed her during the dinner. *Id.* ¶¶ 14-22. She

reported Haase's conduct internally, including to NTUA Human Resources Director Rowena Benally ("Benally"), who Plaintiff alleges failed to take remedial action against Haase. *Id.* ¶¶ 23-26; Doc. 56 ¶¶ 23-27, 29, 33.

Plaintiff initiated an EEOC charge through the Arizona Civil Rights Division ("ACRD"), alleging sex-based discrimination. Docs. 20 ¶¶ 5, 39, 56 ¶ 34, 57-8 at 2. The EEOC charge named only "Commnet Wireless, LLC d/b/a Choice NTUA Wireless" as a respondent, and the right-to-sue letter issued by the EEOC was served only on Commnet. Docs. 20 ¶¶ 5- 6, 26-2, 57-8 at 2. When Plaintiff brought this suit, however, she did not sue Commnet or NTUA. She instead sued NTUAW, Haase, and Haase's spouse (for community property purposes), asserting claims under Title VII and A.R.S. § 41-1463, as well as claims for assault, battery, and intentional infliction of emotional distress. Doc. 20 ¶¶ 28-58.

Defendants moved to dismiss Plaintiff's claim against NTUAW, arguing in part that Plaintiff failed to exhaust her administrative remedies against NTUAW by failing to name NTUAW in her EEOC charge. Doc. 26 at 3. This Court granted Defendants' motion on exhaustion grounds (Doc. 31), but the Ninth Circuit reversed, finding it was not clear from the face of Plaintiff's complaint that she had failed to exhaust her administrative remedies. Doc. 34 at 4. More factual development was needed. *Id.*

The facts have now been developed and Defendants move for summary judgment, arguing there is no genuine factual dispute that Plaintiff failed to name Defendant NTUAW in her EEOC charge and thus did not exhaust her administrative remedies. Doc. 53 at 1-2. The Court agrees.

**II.   Legal Standard.**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must "[v]iew[] the evidence in the light most favorable to the nonmoving party," and drawing all reasonable inferences in that party's favor. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1220 (9th Cir. 1995).

### A. Exhaustion of Administrative Remedies.

"Title VII claimants may sue only those named in the EEOC charge because only they had an opportunity to respond to charges during the administrative proceeding." *Sosa v. Hiraoka*. 920 F.2d 1451, 1458 (9th Cir. 1990). The Ninth Circuit has recognized five exceptions to this exhaustion requirement. A Title VII claim may be brought against a defendant not named in the EEOC charge if (1) the unnamed defendant was "involved in the acts giving rise to the E.E.O.C. claims," (2) "the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit," (3) the defendant named "in the EEOC charge is a principal or agent of the unnamed [defendant], or if they are 'substantially identical parties,'" (4) "the EEOC could have inferred that the unnamed [defendant] violated Title VII," or (5) "the unnamed [defendant] had notice of the EEOC conciliation efforts and participated in the EEOC proceedings." *Id.* at 1459 (citations omitted). In applying these exceptions, EEOC charges are construed liberally. *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1352 (9th Cir. 1984); *see also Chung v. Pomona Valley Cmty. Hosp.*, 667 F.2d 788, 792 (9th Cir. 1982).

### B. Law of the Case Doctrine.

During oral argument before the Ninth Circuit on appeal of the order granting Defendants' motion to dismiss, Plaintiff's counsel conceded that three of the five *Sosa* exceptions did not apply. Doc. 34 at 4 n.3. Defendants argue that this concession is "law of the case" and that Plaintiff cannot take a different position now. Doc. 58 at 4.

The law of the case doctrine provides that "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (quoting *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir.1990)). Application of the doctrine is discretionary. *Id.* (citing *United States v. Mills*, 810 F.2d 907, 909 (9th Cir.1987)).

The Court is not persuaded that a concession made by Plaintiff's counsel during oral argument constitutes a court ruling that would invoke the law of the case doctrine. But

even if it is, the Court will not exercise its discretion to preclude Plaintiff from arguing all *Sosa* exceptions now that a more complete factual record has been developed.

**III.   Application of the *Sosa* Exceptions.**

The Court will address all five of the *Sosa* exceptions.

**A.   Commnet and NTUAW Are Not Substantially Identical Parties.**

"[I]f the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,' suit may proceed against the unnamed party." *Sosa*, 920 F.2d at 1459. Plaintiff contends that "NTUA and NTUAW are substantially identical parties," but that is not the relevant issue. *See* Doc. 56 at 2, 4-5 ¶¶ 8-9. Commnet is the party named in the EEOC charge and NTUAW is the party sued in this case who was not named in the EEOC charge. *See* Doc. 57-8 at 2. The relevant question under this exception, therefore, is whether Commnet and NTUAW are substantially identical. Plaintiff does not address that question.[1]

The Ninth Circuit has explained that when the unnamed party governs the named party, the "substantially identical parties" exception can apply. *See Sosa*, 920 F.2d at 1460 (finding the named and unnamed defendant could be "substantially identical parties" where "the [unnamed defendant] govern[ed] the [named defendant]" (citation omitted)); *see also Chung*, 667 F.2d at 790 (permitting the plaintiff to bring suit against the unnamed defendants who were directors of the named-defendant entity). The District of Arizona has focused on the degree of governance, control, and interest the unnamed defendant has over the named defendant. *See, e.g.*, *Thompson v. Wiener*, No. CV08-991-PHX-GMS, 2008 WL 5068945, at *3 (D. Ariz. Nov. 25, 2008) (finding "substantially identical parties" where the named defendant was governed by the unnamed defendant); *Lorona v. Arizona Summit L. Sch., LLC*, 151 F. Supp. 3d 978, 987 (D. Ariz. 2015) (finding possible "substantially identical parties" where the unnamed defendant "dominated the [named defendant's] business operations and shared the [named defendant's] interests regarding the EEOC charge (citation omitted)).

---

[1] Nor does Plaintiff address the other means of satisfying this exception — by showing that Commnet is a "principal or agent" of NTUAW.

- 4 -

The party named in Plaintiff's EEOC charge, Commnet, holds "a minority interest in [NTUAW]," with NTUA holding the majority interest. Docs. 56 ¶ 2, 57-9 at 1-2. Commnet also "is contracted to provide back office administrative and technical support to [NTUAW]." Doc. 57-9. These factual connections do not suggest that Defendant NTUAW governs Commnet as required by this exception. With no evidence or argument from Plaintiff that NTUAW governs Commnet, and no other evidence that these entities are substantially identical, this *Sosa* exception does not apply.

**B.     NTUAW Did Not Have Notice of and Participate in EEOC Proceedings.**

"[I]f the unnamed party had notice of the EEOC conciliation efforts and participated in the EEOC proceedings, then suit may proceed against the unnamed party." *Sosa*, 920 F.2d at 1459. Defendants argue that Defendant NTUAW had no notice of the EEOC conciliation efforts and did not participate in any EEOC proceedings. It did not receive the EEOC charge or Plaintiff's right-to-sue letter until after Plaintiff initiated this lawsuit. Doc. 53 at 6-7. This assertion is supported by several affidavits from NTUA employees who would have been on notice of the EEOC conciliation efforts through the "ordinary course of business." *See* Docs. 54-2 ¶¶ 3, 18-21, 54-3, ¶¶ 3, 18-21, 54-4, ¶¶ 3, 13-16.[2]

Plaintiff argues that because "[s]he is employed by NTUAW," her knowledge of the EEOC proceedings is imputed to NTUAW for purposes of this exception. Doc. 57 at 14. The Court does not agree. It is not clear Plaintiff was an employee of NTUAW,[3] but even if she was, she cites no case to support this imputed-knowledge argument. Rather, case law suggests that the employer must have actual notice of the EEOC conciliation efforts. *See, e.g.*, *Sosa*, 920 F.2d at 1459 (explaining the notice-and-participation exception may have applied where the unnamed defendant had "actual notice"); *Lorona*, 151 F. Supp. 3d

---

[2] Plaintiff argues the statements made by NTUA employees regarding their lack of notice and participation in reconciliation proceedings, which were made based on their personal knowledge, are speculative. Doc. 57 at 15. This argument is not persuasive. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.").

[3] Plaintiff entered an employment contract with NTUA, and NTUAW was name a "third-party beneficiary." Doc. 56 ¶ 7, 39. Plaintiff contends she was employed as the General Manager of NTUAW. *Id.*

at 987 (same). Further, if Plaintiff's argument was accepted, this *Sosa* exception would swallow the exhaustion requirement. Plaintiffs who bring EEOC charges always know of the charges and any EEOC conciliation efforts. If this knowledge is imputed to their employers, unnamed employers would always be deemed to have knowledge of the EEOC proceedings and this *Sosa* exception would always apply. *See* Doc. 58 at 6. Employers would never need to be named in EEOC charges. The Court cannot accept this expansive interpretation of the exception.

## C. The EEOC Could Not Have Inferred NTUAW Violated Title VII.

"[S]uit may proceed if the EEOC could have inferred that the unnamed party violated Title VII." *Sosa*, 920 F.2d at 1459. Plaintiff argues that she "gave the investigator a full description of the man charged with violating Title VII, with a description of his roles at NTUA and NTUAW and an explanation of his discriminatory conduct." Doc. 56 at 19. She asserts the EEOC therefore could have inferred that NTUAW violated Title VII.[4]

The Ninth Circuit has not adopted a clear rule on the scope of information a court may consider when deciding whether the EEOC could have inferred that an unnamed party violated Title VII. While courts usually address this *Sosa* exception by looking at the plaintiff's EEOC charge, rather than other documents from the EEOC file, some Ninth Circuit cases adopt a broader inquiry. For example, the Circuit has looked beyond the charge and considered evidence from the EEOC's pre-charge investigation when the EEOC drafted the charge and did so negligently. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1102 (9th Cir. 2002), *as amended* (Feb. 20, 2002) ("If the charge itself is deficient in recording [the plaintiff's] theory of the case due to the negligence of an agency representative who completes the charge form, then the plaintiff may present her pre-complaint questionnaire as evidence that her claim for relief was properly exhausted." (citation omitted)). Using even broader language, the Ninth Circuit has said "[t]he

---

[4] Plaintiff separately points to the same record of information to argue that because "Plaintiff provided the identity of all of the parties to the EEOC," Defendants' motion should be denied. Doc. 56 at 17. But Plaintiff does not tie this argument to any particular *Sosa* exception and the Court finds it duplicative of her above argument.

- 6 -

jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *E.E.O.C. v. Nat'l Educ. Ass'n, Alaska*, 422 F.3d 840, 847 (9th Cir. 2005) (citations omitted). In this case, the *Sosa* exception does not apply even if the Court considers both Plaintiff's EEOC charge and the EEOC investigation.[5]

Turning first to Plaintiff's EEOC charge, the charge named "Commnet Wireless, LLC d/b/a Choice NTUA Wireless" as the respondent and the employer who discriminated against her.[6] Doc. 57-8 at 2. The charge asserts Plaintiff "began [her] employment with Respondent as a General Manager." *Id.* It also details the alleged sexual harassment by Haase, describing him as a "General Manager." *Id.* From this, the EEOC could infer only that Plaintiff was employed by Commnet and that Haase was too. The charge also alleges that Plaintiff "reported Haase's conduct to Human Resources" and "[HR] Representative Rowena Benally," and describes Benally's alleged failure to take remedial action against Haase. *Id.* at 3. From this, the EEOC could infer that Plaintiff reported Haase's conduct to Commnet's HR Department and that Benally was a member of that department. None of these statements imply that NTUAW had any involvement in the violation of Title VII.

---

[5] Plaintiff asks the Court to take judicial notice that filing a charge with the ACRD results in a dual filing status with the EEOC and that "all information given to [the ACRD] is also submitted to the EEOC." Doc. 56 at 17 n.1. This is not entirely correct. While a charge filed with the ACRD is dual-filed with the EEOC, the EEOC requires only that the charge be forwarded by the ACRD, not that "all information" held by the ACRD be shared as well. *State, Local and Tribal Programs*, U.S. Equal Emp. Opportunity Comm'n, https://www.eeoc.gov/field-office/phoenix /fepa (last visited Sept. 15, 2025); *Filing a Charge of Discrimination*, U.S. Equal Emp. Opportunity Comm'n, https://www.eeoc.gov/filing-charge-discrimination (last visited Sept. 15, 2025). This issue is not significant, however, because the Ninth Circuit has considered a pre-charge questionnaire filed with a state agency when deciding whether a plaintiff exhausted her administrative remedies. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1095, 1101 (9th Cir. 2002), *as amended* (Feb. 20, 2002) ("Plaintiff filed a 'Charge of Discrimination' with the Hawaii Civil Rights Commission . . . . The allegations made by Plaintiff in her pre-complaint questionnaire certainly provide additional detail to the allegations of harassment of which the HCRC was on notice."). The Court will consider ACRD investigation records in applying this *Sosa* exception.

[6] Plaintiff does not argue that the d/b/a reference could have led the EEOC to infer NTUAW violated Title VII.

Further, while the EEOC could infer from the dates of discrimination in the EEOC charge that employees beyond Haase violated Title VII by creating a hostile work environment (Doc. 57-8),[7] it could not infer that NTUAW employees were responsible. There is nothing in Plaintiff's EEOC charge that could lead the EEOC to infer that the employees worked for NTUAW.

Examination of the pre-charge investigation leads to the same conclusion. While Plaintiff is correct that she provided the investigator with a "description of [Haase's] roles at NTUA and NTUAW and an explanation of his discriminatory conduct" (Doc. 56 at 19), her description states only that Haase was employed by NTUA, was a board member of NTUAW, and committed the harassment during the working dinner. Docs. 57-6 at 2, 57-7 at 4-7, 9. Plaintiff cites no authority to suggest that misconduct by an entity's board member can be attributed to the entity, and she provides no reason the EEOC could have concluded from Haase's board membership that NTUAW violated Title VII.

Even if the Court looks beyond the facts cited by Plaintiff and considers the pre-charge investigation in its entirety, the result is the same. Plaintiff alleged that Haase was on the NTUAW Board; Benally was the manager of NTUA HR; NTUA HR handled all NTUAW HR affairs; and customers often confused NTUA and NTUAW. Docs. 57-6 at 2, 57-7 at 1-3, 17. These allegations do not suggest NTUAW violated Title VII. Again, Haase's board membership would not result in his wrongdoing being attributed to NTUAW, and the fact that NTUA's HR department handled HR matters for NTUAW would have added nothing more — if Haase was an employee of NTUA as Plaintiff told the EEOC, the HR investigation should have focused on that entity, not on NTUAW.

In contrast, Plaintiff alleged many facts through the pre-charge investigation that implicated NTUA in a Title VII violation. Plaintiff alleged that Haase was employed by NTUA; NTUA conducted a subpar internal investigation; she reported the incident to the Commnet CEO, the former Comment HR Manager, the NTUA HR Manager, and the

---

[7] Plaintiff's EEOC charge lists the dates of discrimination as March 8, 2022 (the date of the working dinner where Plaintiff alleges Haase sexually harassed her) through March 24, 2022. *Id.*

- 8 -

NTUA Assistant HR Manager, who all failed to take remedial action; she suffered retaliation by being excluded from NTUA daily operations; and the NTUA team had not been trained on its sexual harassment policies for six years. Docs. 57-6 at 2, 57-7 at 1-3, 13-14, 19, 21. These facts would have led the EEOC to focus on NTUA, but they say nothing about NTUAW.

In sum, Plaintiff has not presented evidence to show the EEOC could have inferred from Plaintiff's charge or the pre-charge investigation that unnamed respondent NTUAW violated Title VII.

**D. NTUAW Was Not Involved in Acts Underlying the EEOC Claims.**

"Title VII charges can be brought against persons not named in an [EEOC] complaint as long as they were involved in the acts giving rise to the [EEOC] claims." *Sosa*, 920 F.2d at 1458-59 (quoting *Wrighten v. Metropolitan Hosp.*, 726 F.2d 1346, 1352 (9th Cir.1984)).

Defendants assert NTUAW was not involved in the acts underlying Plaintiff's EEOC claims because the two implicated actors, Haase and Benally, were employees of NTUA, not NTUAW. Doc. 58 at 8. Plaintiff responds that "NTUA and Haase . . . . 'were involved in the acts giving rise to the [EEOC] claims" because "Haase was the General Manager of NTUA and was on the board of NTUAW," and he committed the alleged sexual harassment. Doc. 56 at 19 (citations omitted). For reasons already addressed, these allegations are not sufficient to show NTUAW was involved in the acts underlying Plaintiff's EEOC claims.

Haase was not an employee of NTUAW. The parties agree he was employed by NTUA. Docs. 57 at 14, 54 ¶¶ 8-9. Nor was NTUAW involved in any alleged failure to take remedial measures. The internal investigation was conducted by NTUA, not NTUAW. Docs. 56 at 9-10, 57-7 at 3, 14. And while NTUA's HR handles NTUAW employment matters, the individual alleged by Plaintiff to have violated Title VII by an inadequate investigation and response – HR Director Benally – was employed by NTUA. Docs. 20 ¶¶ 23-24, 56 ¶ 9.d, 57-8 at 3. Where the people alleged to have violated Title VII

were NTUA employees, the Court cannot conclude that NTUAW was involved in the acts giving rise to Plaintiff's EEOC claims.

### E. Anticipation That NTUAW Would Be Named in a Title VII Suit.

"[W]here the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge." *Sosa*, 920 F.2d at 1459 (citing *Chung*, 667 F.2d at 792). The Ninth Circuit tends to find that an unnamed defendant should have anticipated being named in a Title VII suit when the defendant participated in the discriminatory conduct described in the EEOC charge. *See id.* (finding the unnamed defendants "should have anticipated becoming defendants in [the plaintiff's] subsequent suit" where the plaintiff "specifically alleged that [they] . . . participated in the acts — denials of promotion — giving rise to his EEOC charge"); *Chung*, 667 F.2d at 792 ("Both the EEOC and the [unnamed defendants] should have anticipated that [the plaintiff] would name in his suit those who denied him the promotions mentioned in the charge.").

Plaintiff makes the same argument as above — that "NTUA and Haase 'should have anticipated' that they would have been named" in Plaintiff's suit because "Haase was the General Manager of NTUA and was on the board of NTUAW," and Haase committed the alleged sexual harassment. Doc. 56 at 19 (citations omitted).[8] But the question is not whether NTUA and Haase should have anticipated being sued, but whether NTUAW should have. Defendants contend that neither NTUA nor Haase should have anticipated NTUAW being named in Plaintiff's suit because no employee at NTUA received the EEOC charge before Plaintiff's lawsuit was filed. Doc. 58 at 8-9.

The Court cannot conclude that NTUAW should have anticipated it would be named in Plaintiff's Title VII suit. Unlike *Sosa* and *Chung*, where the unnamed defendants participated in the wrongful conduct described in the EEOC charge, NTUAW is not alleged to have participated in any of the wrongful acts, including the initial harassment or the

---

[8] Plaintiff does not argue that the EEOC should have anticipated that Plaintiff would name NTUAW in her Title VII claim. The Court notes, nonetheless, that the EEOC would not have anticipated that NTUAW would be named for the same reasons it would not have inferred NTUAW violated Title VII. *See supra* Section III.C.

subsequent inadequate investigation and response. The allegedly bad actors, Haase and Benally, were employees of NTUA, not NTUAW. Docs. 20 ¶ 23, 57 at 14, 54 ¶¶ 8-9. And although NTUA's HR department handled NTUAW's HR matters and Haase was on the Board of NTUAW, those facts do not make Benally or Haase employees of NTUAW. Therefore, NTUAW had no reason to anticipate being named in Plaintiff's Title VII suit.

In summary, Plaintiff has not shown that any of the *Sosa* exceptions apply in this case. The general rule therefore controls: "Title VII claimants may sue only those named in the EEOC charge." *Sosa*, 920 F.2d at 1458. Plaintiff failed to exhaust her administrative remedies against Defendant NTUAW.

## IV.  Individual Defendants Are Not Proper Defendants Under Title VII.

As noted in the Court's earlier order, "individuals cannot be held personally liable under Title VII." Doc. 31 at 2; *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) ("The statutory scheme [of Title VII] itself indicates that Congress did not intend to impose individual liability on employees."). Thus, the Title VII claims against defendants Haase and his wife cannot continue.

## V.  Plaintiff's State Law Claims.

With Plaintiff's Title VII claim disposed of through summary judgment, the Court may decline to exercise jurisdiction over Plaintiff's state law claims. *Trs. Of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape and Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). "In the usual case in which all federal-law claims are eliminated before trial," the balance of relevant factors generally "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citation omitted). That is the correct result here. Arizona courts are best equipped to address Plaintiff's Arizona law claims and will resolve them fairly. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 53) is **granted**.

2. Plaintiff's state law claims are dismissed without prejudice.

3. The Clerk's Office is directed to close this case.

Dated this 20th day of October, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge